```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

|  |  |
|---|---|
| RICHARD DRAEGER,<br><center>Plaintiff,</center><br><br><center>-v-</center><br><br>CITY OF NEW YORK, et al.,<br><center>Defendants.</center> | 17-CV-3059 (JPO)<br><br><u>OPINION AND ORDER</u> |

J. PAUL OETKEN, District Judge:

      Plaintiff Richard Draeger, who was formerly incarcerated at the Eric M. Taylor Center ("EMTC") on Riker's Island, is proceeding *pro se* and *in forma pauperis*. He filed this action under 42 U.S.C. § 1983 on April 14, 2017 (Dkt. No. 2), alleging that from December 28, 2016, to December 29, 2016, defendant-corrections officers denied him medical attention at EMTC.

      On August 21, 2017, Defendants informed the Court that Plaintiff was discharged from EMTC on or about July 21, 2017. (Dkt. No. 17.) Plaintiff did not, however, update the Court with his address. On August 22, 2017, the Court ordered Plaintiff to provide Defendants with validly executed medical releases by September 21, 2017, and warned him that failure to provide said releases could result in dismissal for failure to prosecute. (Dkt. No. 18.) On October 11, 2017, the Court ordered Plaintiff to (1) inform the Court of his current address; and (2) explain why he has failed to provide Defendants with his medical releases. Again, the Court warned Plaintiff that failure to respond in writing could result in dismissal of his case for failure to prosecute. (Dkt. No. 20.) To date, Plaintiff has not responded. On October 30, 2017, Defendants moved to dismiss the case for failure to prosecute. (Dkt. No. 21.)

      A defendant may seek dismissal "[i]f the plaintiff fails to prosecute or to comply with th[e Federal Rules] or a court order." Fed. R. Civ. P. 41(b). Such a dismissal is "the harshest of

sanctions," to be used against a *pro se* plaintiff's claim "only when the circumstances are sufficiently extreme." *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam) (first quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir.2013), then quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001)) (internal quotation marks omitted). A Rule 41(b) dismissal must also "be proceeded by particular procedural prerequisites," including notice. *Id.* (quoting *Mitchell*, 708 F.3d at 467) (internal quotation marks omitted). "A district court considering a Rule 41(b) dismissal must weigh five factors," none of which is generally dispositive:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* at 216 (second quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

In this case, these five factors weigh in favor of dismissal. First, Plaintiff has not communicated with the Court for nearly four months. Second, for over two months, he has failed to comply with Court orders to provide medical releases to Defendants, despite twice being advised that failure to comply may result in dismissal. In addition, Plaintiff has failed to inform the Court of his current address. *See United States ex rel Roundtree v. Health & Hosps. Police Dep't of New York*, No. 06 Civ. 212, 2007 WL 1428428, at *1 (S.D.N.Y. May 14, 2007) ("[D]efendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them . . . [and] it is a plaintiff's obligation to inform the Pro Se Office of any change in address."). Third, further delay would prejudice Defendants. Defendants cannot

reasonably be expected to proceed without Draeger's medical releases, which they need to conduct the necessary investigation before answering the allegations in his complaint.

Thus, there is no other realistic way for the case to proceed beyond dismissal for failure to prosecute: At this stage, in light of Plaintiff's failure to prosecute his case diligently, Draeger's interest in airing his claims is outweighed by the Court's interest in managing its docket. And "there is nothing in the record to suggest that a sanction less serious than dismissal will resolve the plaintiff's failure to cooperate." *Singleton v. City of New York*, No. 14 Civ. 9355, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015). In some cases, the Court might consider imposing a financial penalty, but where, as here, a *pro se* plaintiff is proceeding *in forma pauperis*, a financial sanction may be even stronger medicine than dismissal.

Simply put, there is "no indication" that Draeger "wishes to continue with this action." *Garcia v. Tal on 1st Inc.*, No. 14 Civ. 9042, 2016 WL 205442, at *2 (S.D.N.Y. Jan. 15, 2016). "'[T]he circumstances are sufficiently extreme' to warrant dismissal." *Id.* (quoting *Lucas*, 84 F.3d at 535); *see also Brow v. City of New York*, 391 F. App'x 935, 936 (2d Cir. 2010) (affirming dismissal of a case in which the plaintiff repeatedly failed to appear for his own deposition).

Accordingly, in light of the factors mentioned above, Defendants' motion to dismiss for failure to prosecute is GRANTED. The Clerk of Court is directed to enter judgment in favor of Defendants and terminate the case.

SO ORDERED.

Dated: November 20, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PLAINTIFF BY CHAMBERS*

3